MATHILDA GREENSTEIN *vs.* MORRIS ROSENSTEIN.

JULY 3, 1922.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Covenant.  General Issue.*

Where to an action of covenant commenced in a district court the defendant entered his appearance, so far as it can be considered that there was any issue on a claim of jury trial before the superior court, it was solely that which arises on the plea of *non est factum*, which has sometimes been treated as in the nature of the general issue.

(2)  *Deeds.  Evidence.  Covenants.*

A deed speaks for itself in all its covenants and no evidence of prior negotiations or agreements between the parties can be received for the purpose of altering or contradicting its definite covenants.

COVENANT.  Heard on exceptions of defendant and overruled.

SWEETLAND, C. J.  This is an action of covenant.  Upon a claim for jury trial made in the district court, the cause was tried in the Superior Court before Mr. Justice BROWN sitting with a jury.  At the close of the evidence on motion of the plaintiff said justice directed a verdict in her favor. The case is before us upon the defendant's exception to the action of said justice in directing a verdict for the plaintiff, and upon exceptions to the rulings of said justice made in the course of the trial.

The declaration alleges the conveyance by the defendant to the plaintiff of certain land in Providence, which was subject to a mortgage of thirty-two hundred dollars, by warranty deed dated September 1, 1920.  This deed contained the defendant's covenant that the granted premises were free from all encumbrances save said mortgage for thirty-two hundred dollars.  The declaration further alleges, as a breach of said covenant, that, in addition to said mortgage, at the time of the execution and delivery of said deed the premises were subject to the encumbrance of taxes assessed against said property on June 15, 1920 and

unpaid, and further that the plaintiff was obliged to pay said taxes in order to free said premises from their lien.

The defendant entered his appearance in the district court. Under the statute the entry of appearance in any case in the district court is equivalent to filing the general issue. The defendant filed no other plea save a so-called equitable plea in the Superior Court which upon demurrer was overruled. In the Superior Court the case went to trial solely upon whatever issue was raised by the entry of appearance in the district court.

(1) Strictly there is no plea of the general issue in an action of covenant. A plea of *non est factum* has sometimes been treated as in the nature of the general issue. At the trial in answer to a question of said justice as to what was the issue in the case counsel for defendant replied, "General issue, Your Honor," and to the further question of the justice, "How do you propose to set up a general issue in an action of covenant?", counsel replied: "That we did not make the covenant." So far as it can be considered that there was any issue before the Superior Court it was solely that which arises on the plea of *non est factum.*

The defendant did not deny the execution of the deed and the making of the covenant nor question the amount of the taxes paid by the plaintiff, which were assessed against the property and unpaid prior to the delivery of the deed. There was no question to be submitted to the jury and said justice properly directed a verdict for the plaintiff.

(2) The defendant excepted to the rulings of said justice excluding evidence as to certain agreements between the plaintiff and defendant with reference to said property which the defendant claims were made before the execution and delivery of the deed. This evidence clearly was not admissible under the issue on which the case was tried. Furthermore, the defendant would not be permitted to vary the effect of his deed in such manner. His deed speaks for itself in all its covenants. No evidence of prior negotiations or agreements can be received for the purpose of altering or

contradicting its definite covenants. *Porter .v. Bradley,* 7 R. I. 538.

Defendant's exceptions are all overruled. The case is remitted to the Superior Court for the entry of judgment on the verdict.

*Robinson & Robinson, David C. Adelman,* for plaintiff.
*Joseph H. Coen,* for defendant.